IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHNNY I. MANGU,

    Plaintiff,

vs.        No._____

CLIFTON GUNDERSON LLP,
k/n/a Clifton Larson Allen LLP,
a foreign corporation,

    Defendant.        **JURY DEMANDED**

**COMPLAINT FOR EMPLOYMENT DISCRIMINATION ON THE BASIS OF NATIONAL ORIGIN**

    Plaintiff, by and through his attorney, Gilpin Law Firm, LLC., (Donald G. Gilpin), alleges and states:

**JURISDICTION AND VENUE**

    1.    This action is brought by Plaintiff to remedy discrimination on the basis of national origin in the terms, conditions and privileges of employment in violation of the Civil Rights Act of 1964 as amended 42 U.S.C. §2000e (hereinafter Title VII), and the New Mexico Human Rights Act.

    2.    Plaintiff is a resident of Albuquerque, Bernalillo County, New Mexico.

    3.    Upon information and belief, Defendant, Clifton Gunderson, LLP k/n/a Clifton Larson Allen LLP, (Clifton) is a foreign corporation licensed to transact business in New Mexico.  Defendant is an employer within the meaning of Title VII and the New Mexico Human Rights Act.  Upon information and belief, Clifton employs more than 501 employees.

    4.    Venue is proper because all the unlawful practices complained of herein occurred within the District of New Mexico.

5. Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission and received a Notice of Right to Sue.

## ALLEGATIONS

6. On or about December 18, 2006, Plaintiff began working for Defendant. Plaintiff was employed as a Staff Accountant.

7. Plaintiff is Romanian.

8. During his tenure, Plaintiff received average or above average performance evaluations. Plaintiff holds several professional licenses, including his CPA.

9. Plaintiff became aware that many foreign nationals employees were being passed over for promotions and not given opportunities to advance with Defendant. In 2010, Plaintiff discussed the issue of the lack of opportunities in the Albuquerque Office with a high level Managing Partner. Plaintiff was told that senior management was aware of the issue. Plaintiff was told to keep working hard and that promotional opportunities would eventually occur.

10. In early 2010, Plaintiff was approached by two other foreign nationals who work for Defendant. Plaintiff was told that the foreign nationals had complained to Defendant about the lack of promotional opportunities and the way foreigners were being treated in the Albuquerque/Lenexa office; however, the employees were unaware of any action being taken to remedy the situation.

11. In the Spring of 2010, Plaintiff went to his Manager and complained about the work environment. Plaintiff informed his Manager that he and other foreign nationals who work for Defendant were being treated differently by the management in the Albuquerque office. The disparate treatment consisted of being passed over for promotions, being segregated from American employees, being ostracized and left out of

important meetings, being treated with disrespect and working extreme amounts of overtime without compensation.

12. It was Plaintiff's hope that by making his complaints, senior management would address the issues in the Albuquerque office. However, Plaintiff was not aware of any changes being made.

13. Plaintiff continued to be subjected to a hostile work environment. Plaintiff was kept out of the loop of important information, his decisions were being criticized and Plaintiff was treated with disrespect.

14. In April of 2011, Plaintiff filed an EEOC charge of Discrimination. Plaintiff also informed his Human Resources Department about the Charge.

15. After he filed his Charge, Plaintiff was completely ostracized and shunned by the Management at the Albuquerque office. The management at the Albuquerque office became very aggressive and hostile with Plaintiff.

16. Plaintiff was forced to resign from Defendant because of the hostile work environment.

17. As a result of Defendant's actions, Plaintiff has suffered damages in the form of lost wages, benefits and promotional opportunities.

18. As a result of Defendant's actions, Plaintiff has suffered emotional distress.

**COUNT I. DISCRIMINATION**

19. Plaintiff realleges and incorporates by reference all these allegations stated in paragraphs 1 through 18 with full force and effect.

20. Defendant has discriminated against Plaintiff in the terms and conditions of his employment on the basis of his national origin in violation of the Title VII and the New Mexico Human Rights Act.

21. Defendants discriminated against Plaintiff by denying him promotional

opportunities, subjecting him to a hostile work environment and forcing him to resign.

22.     Defendant's conduct was not reasonable under the circumstances.

23.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's retaliatory practices unless and until this Court grants relief.

**DEMAND FOR JURY**

24.     Plaintiff requests a trial by jury.

**WHEREFORE,** Plaintiff respectfully requests that this Court enter a judgment:

(A)     Awarding Plaintiff compensatory damages that would make him whole for all earnings he would have received but for Defendant's discriminatory and retaliatory treatment, including, but not limited to, wages, pension, and other benefits;

(B)     Awarding Plaintiff the costs for this action together with reasonable attorney's fees as provided by Title VII and the New Mexico Human Rights Act;

(C)     Awarding Plaintiff damages for his mental anguish and humiliation; and

(D)     Granting such other and further relief as this Court deems necessary and proper.

Respectfully submitted,

GILPIN LAW FIRM LLC.,


 /s/ **Donald G. Gilpin**
Donald G. Gilpin
6100 Indian School Road, NE
Suite 201
Albuquerque, NM  87110
(505) 244-3861
(505) 254-0044 Fax
Attorney for Plaintiff