IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO


JOHNNY I. MANGU,

    Plaintiff,

v.                                                                                                          No. Civ. 13-187 LH/CG

CLIFTON GUNDERSON, LLP,
*also known as* CLIFTON LARSON ALLEN LLP,

    Defendant.

## MEMORANDUM OPINION AND ORDER

On June 26, 2015, the Court entered a memorandum opinion and order in which it granted Defendant's motion for summary judgment and dismissed with prejudice Plaintiff's failure-to-promote, constructive discharge, and hostile work environment claims. (ECF No. 54) The Court further ordered the parties to submit supplemental briefing on Plaintiff's retaliation claim, the sole remaining claim in this lawsuit, for the Court to consider in ruling on summary judgment on the retaliation claim pursuant to its authority under Fed. R. Civ. P. 56(f). (*See* Mem. Op. and Order at 25-27) Both parties complied with the Court's order by submitting briefs on July 13, 2015. (ECF Nos. 55 & 56)

Having considered the briefs filed by the parties, the evidence in the record, relevant law and otherwise being fully advised, the Court grants summary judgment in favor of Defendant on Plaintiff's retaliation claim. Plaintiff's retaliation claim is hereby dismissed with prejudice. In light of the Court's ruling, Defendant's motion for leave to file a response to new factual assertions raised in Plaintiff's supplemental brief is denied as moot. (ECF No. 57) Because there are no claims remaining in this lawsuit, this action is dismissed with prejudice.

**I.      Background and Standard of Review**

The Court incorporates all facts set forth in its prior memorandum opinion and order. (Mem. Op. and Order, June 26, 2015, ECF No. 54) To the extent that the parties have raised additional facts related to the retaliation claim in their supplemental briefing, the Court will address these facts in its analysis. In addition, the Court incorporates the applicable legal standards provided in its earlier opinion. The Court will provide additional applicable law, as necessary, in its analysis below.

**II.     Analysis**

Title VII makes it unlawful for an employer to retaliate against an employee for opposing an unlawful employment practice, or "because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a). A plaintiff can establish retaliation either by offering direct evidence showing that retaliatory animus played a motivating part in an adverse employment decision, or indirectly by relying on the three-part burden shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Twigg v. Hawker Beechcraft Corp.*, 659 F.3d 987, 998 (10th Cir. 2011). In this case, Plaintiff proceeds solely under the *McDonnell Douglas* framework. (Pl.'s Suppl. Br. at 4)

Under the *McDonnell Douglas* framework, a plaintiff must first make out a prima facie case of retaliation by showing: "(1) []he engaged in protected opposition to discrimination; (2) []he suffered an adverse action that a reasonable employee would have found material; and (3) there is a causal nexus between [his] opposition and the employer's adverse action." *Johnson v. Weld Cnty., Co.*, 594 F.3d 1202, 1215 (10th Cir. 2010) (internal citation omitted). If the plaintiff establishes a prima facie case, the employer must then offer a legitimate, nonretaliatiory reason

for its decision. *See Fye v. Oklahoma Corp. Comm'n*, 516 F.3d 1217, 1227 (10th Cir. 2008). Once the employer has satisfied this burden of production, the plaintiff must then show that employer's reason is merely a pretext for retaliation. *Id.*

In this case, the parties disagree as to whether Plaintiff has established a prima facie case of retaliation. The parties do not dispute the first prong of the prima facie case—i.e., that Plaintiff engaged in protected activities by reporting his claim of national origin discrimination both internally to Ms. Zorgdrager and to the EEOC in April 2011. *See Fye*, 516 F.3d at 1228 (noting that "protected opposition [for a retaliation claim] can range from filing formal charges to voicing informal complaints to superiors"). The parties do, however, dispute whether Plaintiff suffered a materially adverse employment action. (Def.'s Suppl. Br. at 2-3; Pl.'s Suppl. Br. at 6-7) To qualify as an adverse action, a plaintiff must show "a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Johnson*, 594 F.3d at 1216 (internal citation omitted). "An adverse employment action constitutes a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *See Tapia v. City of Albuquerque*, 170 F. App'x 529, 533 (10th Cir. 2006).[1] In the context of a retaliation claim, an adverse employment action is "liberally defined" and is not limited to "monetary losses in the form of wages or benefits." *See Annett v. Univ. of Kansas*, 371 F.3d 1233, 1239 (10th Cir. 2004). It can include acts that carry a "significant risk of humiliation, damage to reputation, and a concomitant harm to future employment prospects." *Id.*

---

[1] The Court relies upon *Tapia* and other unpublished opinions in its ruling. The Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it. *See* 10th Cir. R. 32.1(A) ("Unpublished opinions are not precedential, but may be cited for their persuasive value.").

Here, Plaintiff alleges that the following constitute adverse employment actions that he suffered after he reported his discrimination claim to Defendant and the EEOC:

(1) he noticed that Ms. Deveraux was walking behind him at least five to ten times, which was very unnatural for her to do; that Ms. Deveraux would brush up against the back of his chair and move back by the time he saw her; and that Ms. Deveraux would constantly watch and stare at Plaintiff rather than speak to him. (Pl.'s Suppl. Br. at 6)

(2) Upon learning that Plaintiff had filed a claim, a coworker, Virgil Jackson, told him "Why are you complaining? . . . [Y]ou should take it, just because [Ms. Deveraux] doesn't like you." (Pl.'s Suppl. Br. at 7)

(3) In April 2011, Defendant selected another employee to work on an assignment in the Meyners downtown office although Plaintiff was allegedly more qualified than the selected employee. (Pl.'s Suppl. Br. at 7)

Defendant contends that none of the foregoing constitute employment actions that a reasonable employee would find materially adverse. Viewing the facts in the light most favorable to Plaintiff, the Court nevertheless concludes that Plaintiff has failed to establish any materially adverse employment actions. Specifically, Ms. Deveraux's conduct—i.e., her increased monitoring of Plaintiff's work, her silent treatment and constant stares at Plaintiff—is insufficient to support a claim for retaliation. *See Johnson*, 594 F.3d at 1216 (finding that alleged snubs by plaintiff's supervisors, which included giving plaintiff the cold shoulder, sitting farther away from her at meetings, becoming too busy to answer her questions and generally avoiding her, were not materially adverse employment actions); *See also MacKenzie v. City & Cnty. of Denver*, 414 F.3d 1266, 1279 (10th Cir. 2005) (stating that "silent treatment" is "mere passive

treatment [that] does not constitute an adverse employment action"). The Court notes that there is no evidence indicating that Ms. Deveraux's alleged conduct and increased monitoring of Plaintiff in April 2011 resulted in any changes in Plaintiff's employment status or benefits. *See Tapia v. City of Albuquerque*, 170 F. App'x 529, 534 (10th Cir. 2006) (holding that there was no adverse employment action for purposes of retaliation claim where supervisor's increased monitoring of plaintiff did not result in any change in the plaintiff's employment status and his "job, pay and benefits at all [relevant] times remained the same"). As for Mr. Jackson's comment, the Court concludes that it is inadmissible hearsay and Plaintiff has failed to offer an explanation for its admissibility. *Argo v. Blue Cross & Blue Shield of Kansas, Inc.*, 452 F.3d 1193, 1199 (10th Cir. 2006) (stating that "at summary judgment courts should disregard inadmissible hearsay statements contained in affidavits, as those statements could not be presented at trial in any form") Moreover, Plaintiff has failed to allege that Mr. Jackson's statement resulted in any change in Plaintiff's employment status.

Turning to Plaintiff's contention that Defendant selected a less-qualified employee to work on an assignment in the Meyner downtown office, the Court initially finds that Plaintiff has failed to specify whether this action occurred before or after Plaintiff reported his claim of discrimination. Even if the Court were to set aside this timing issue, Plaintiff's sole contention for why this action was materially adverse is that it "could have led to possible career advancements." (Pl. Aff. ¶ 11, ECF No. 56-1) However, this is nothing more than a conclusory and self-serving allegation; Plaintiff has not directed the Court's attention to evidence supporting this conclusory allegation. *See, e.g.*, *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004) (stating that "[u]nsubstantiated allegations carry no probative weight in summary judgment proceedings[;] . . . evidence, including testimony, must be based on more than mere

speculation, conjecture, or surmise."). In addition, it is undisputed that Plaintiff had already secured employment with another accounting firm in April 2011 prior to reporting his discrimination claim to Defendant and the EEOC. (*See* Mem. Op. and Order at 5, ECF No. 54) Thus, a reasonable employee would not find that Defendant's failure to give Plaintiff the Meyner assignment was a materially adverse action because it did not affect Plaintiff's employment prospects. *See Annett v. Univ. of Kansas*, 371 F.3d 1233, 1239 (10th Cir. 2004) (noting that only an action that "significantly harms a plaintiff's future employment prospects may be considered an adverse action" for purposes of a retaliation claim).

Because Plaintiff has failed to establish an employment action that a reasonable employee would have found materially adverse, Plaintiff is unable to establish a prima facie case of retaliation. Because there are no genuine issues of fact, the Court grants summary judgment in favor of Defendant on the retaliation claim.

### III. Conclusion

Based on the foregoing analysis, the Court hereby enters summary judgment in favor of Defendant on Plaintiff's retaliation claim and dismisses this claim with prejudice. In addition, Defendant's motion for leave to file a response to new factual assertions raised in Plaintiff's supplemental brief is denied as moot. (ECF No. 57)

Because there are no remaining claims in this matter, this lawsuit is dismissed with prejudice.

**IT IS SO ORDERED.**

_____
SENIOR UNITED STATES DISTRICT JUDGE